# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AMANCIO ORTIZ-HODGES,<br><br>                        Plaintiff,<br>  vs.<br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>                      Defendants. | CASE NO. 16cv3032-LAB (NLS)<br><br>**ORDER OF REMAND; AND**<br><br>**ORDER DENYING AS MOOT MOTION TO DISMISS** |

On December 14, 2016, Defendant JP Morgan Chase Bank, N.A. removed this action on the basis of diversity jurisdiction. The Court ordered JPMorgan Chase to show cause why the action should not be remanded, because the notice of removal did not show that the parties were diverse. (*See* Docket no. 4, "OSC".)

The OSC pointed out, among other things, that the notice of removal inaccurately characterized the complaint's allegations. Significantly, Defendant Albertelli Law Partners California, P.A. ("Albertelli Law Partners California" or "ALAW") was not alleged to be a citizen of Florida; its partners or owners were not identified, and their citizenship was not alleged. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990 (unincorporated associations take on the citizenship of their owners or members); *Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 438 (9th Cir. 1992) (to establish diversity jurisdiction, plaintiff was required to affirmatively allege the citizenship of each partner in the

partnership). The OSC cautioned JPMorgan Chase that it bore the burden of establishing diversity jurisdiction, and that if it failed to establish jurisdiction, the case would be remanded. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.")

JPMorgan Chase has now filed a response (Docket no. 8, "Response"), attempting to establish diversity. The response, however, without explanation discussed the citizenship of a different entity, a Florida law firm called Albertelli Law, which refers to itself as ALAW. If there is any relationship between Albertelli Law Partners California and Albertelli Law, the Response did not say what it was. The Response is based solely on information obtained from the website of Albertelli Law (www.alaw.net), but even looking at that website, the relationship — if any — between the two entities remains unclear. What is clear is they were not and are not the same entity. Albertelli Law is a law firm whose lawyers practice only in Alabama, Florida, Georgia, South Carolina, Texas, and the U.S. Virgin Islands. By contrast, the complaint specifically alleges that Albertelli Law Partners California, or ALAW, is registered to do business in California. (*See* Complaint, Docket no. 1-2, at ¶ 8.) In other words, either Plaintiff is wrong about which entity he did business with, or there is some kind of explained relationship (such as parent-subsidiary, or predecessor-successor) between the two entities, or JPMorgan Chase has misconstrued the complaint.

The first possibility can easily be ruled out, because Exhibit B to the Response confirms that the entity Plaintiff intended to sue was Albertelli Law Partners California The complaint alleges that Albertelli Law Partners California was based in Florida and registered to do business in California, and Exhibit B confirms that it had an address in California.

The Response does not say whether JPMorgan Chase contacted either entity for information. Instead, it appears that JPMorgan Chase merely visited Albertelli Law's website at www.alaw.net and obtained its information there. JPMorgan's apparent failure to make direct inquiries is surprising in view of the fact that it has done business with Albertelli Law

/ / /

Partners California in the past, and designated it as trustee of Plaintiff's deed of trust.  (*See* Response, Ex. B.)

Even assuming Albertelli Law is the Defendant Plaintiff is suing, it is not clear JPMorgan Chase correctly identified its citizenship.  Looking at the website identified in the Response, it appears JPMorgan Chase has misunderstood what kind of entity Albertelli Law is.  While the website does say it is a "full-service law firm," the site also lists activities other than the practice of law, such as title services, title insurance, and foreclosure assistance. *See* http://alaw.net/what-we-do/.  Non-attorney executives are listed on the same page as the law firm's partners.  *See* http://alaw.net/who-we-are/. And it operates or offers services in all 50 states.  In other words, it appears to be some kind of hybrid entity: a law firm that owns or is connected with other related businesses.  The law firm appears to be just one part of the entity.  JPMorgan Chase has not explained why it thinks the law firm and the entity calling itself ALAW are coterminous, and why the law firm's partners are the entity's sole owners.

Furthermore, the partnership in this law firm appears to change frequently.  Of the eleven attorneys whose citizenship the Response tries to identify (*see* Response at 2:25–3:4), one is no longer listed as working at the firm, and one more is listed as having joined.  Even assuming the law firm is the relevant entity, its citizenship at the time the lawsuit was filed and at the time of removal is not identified.  *See Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) ("[T]he core principle of federal removal jurisdiction on the basis of diversity [is] that it is determined (and must exist) as of the time the complaint is filed and removal is effected.").

A page on Albertelli Law's website offers a ray of clarity.  An announcement dated October 30, 2014 says that as of December 15, 2014, ALAW would divest itself of California and Arizona matters and transfer them to the firm of McCarthy Holthus (unless a client designated another transferee firm). *See* http://alaw.net/alaw_mccarthy_holthus/.  Case law suggests that Albertelli Law Partners California continued as a separate entity in California after 2014.  *See, e.g., Saridakis v. JPMorgan Chase Bank,* 2015 WL 570116 (C. D. Cal. Feb.

1  11, 2015) (identifying Albertelli Law Partners California, aka "ALAW" as a Defendant); *Ivey*
2  *v. Chase Bank*, 2015 WL 3452000 (N.D. Cal., May 28, 2015) (identifying Albertelli Law
3  Partners California, of Chatsworth, California, as a Defendant). *See also Rivkin v. JPMorgan*
4  *Chase Bank, N.A.*, 14 cv2662-TLN-EFB (C.D. Cal., filed Nov. 14, 2014); *see especially id.*,
5  Docket no. 18 (joinder filed December 18, 2014 by Albertelli Law Partners California, joining
6  in motion to dismiss). And Albertelli Law Partners California apparently continued as trustee
7  for Plaintiff's deed of trust until October 27, 2016. (*See* Response, Exhibit C (substitution
8  of trustee).) It may be that Albertelli Partners California continued, at least temporarily,
9  under the auspices of McCarthy Holthus or some other local attorney or firm other than
10 Antonelli Law. If so, it may have been a California citizen at the time the case was filed or
11 removed.

12      It was JPMorgan Chase's obligation to show the citizenship of Albertelli Law Partners
13 California, and to foreclose any reasonable possibility that it was a California citizenship at
14 the time the case was filed and at the time it was removed. JPMorgan Chase has not fully
15 or adequately identified the citizenship of the Defendant sued as Albertelli Partners
16 California, P.A. and has not shown that the parties are diverse. Even though it is *possible*
17 the parties are diverse, the Court is required to resolve all doubts in favor of remand. *See*
18 *Gaus*, 980 F.2d at 566.

19      As a fallback, JPMorgan Chase says ALAW was merely a trustee and a nominal
20 party, and as such its citizenship can be ignored for purposes of diversity jurisdiction.
21 Alternatively, it argues ALAW was fraudulently joined. While that argument may work in other
22 cases, in this case Plaintiff has alleged ALAW's direct involvement in the wrongs he asserts,
23 and he seeks relief from ALAW. For example, the complaint alleges that ALAW actively
24 participated in fraudulent mortgage payment collecting practices by mailing him inaccurate
25 billing statements,[1] attempting to collect mortgage payments it was not entitled to collect, and
26 preparing false legal documents to induce Plaintiff to keep paying. (*See* Compl., ¶¶ 35, 53,

---

[1] The inaccuracy is alleged throughout the complaint. In essence, Plaintiff alleges that JPMorgan Chase is trying to collect money on a mortgage it does not own, and that ALAW was knowingly helping it.

55-58, 70.) He also alleges that ALAW along with the other Defendants falsely reported him to national credit reporting agencies as delinquent. (*Id*. at ¶ 98.) While JPMorgan Chase's version of events may prove to be true, at this stage the Court accepts the complaint's allegations as true. And in any event, JPMorgan Chase does not appear to have any direct evidence about ALAW or what else it may have done beyond merely serving as trustee. The Court therefore cannot accept JPMorgan Chase's unsupported assertion that ALAW is merely a nominal or sham Defendant whose citizenship can be ignored.

Because JPMorgan Chase has failed to meet its burden of establishing diversity jurisdiction, this case is **REMANDED** to the Superior Court of California for the County of San Diego – Central Division. JPMorgan Chase's pending motion to dismiss (Docket no. 5) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: January 6, 2017

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge